### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
### WHEELING

**JESSIE NORBERTO GUERRA,**

      **Petitioner,**

**v.**                                    **Civil Action No. 5:17cv97**
                                                    **(Judge Stamp)**

**JENNIFER SAAD,**

      **Respondent.**

## REPORT AND RECOMMENDATION

### I. Introduction

On June 27, 2017, the *pro se* Petitioner, Jessie Norberto Guerra, an inmate incarcerated at FCI Gilmer in Glenville, West Virginia, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his sentence. The Petitioner has satisfied the filing fee. ECF No. 5. For the reasons outlined below, the undersigned now issues this Report and Recommendation without requesting a response from the Respondent.

### II. Factual and Procedural History[1]

#### A. Conviction and Sentence

On August 8, 2007, the grand jury in the Southern District of Texas returned a two count indictment against the Petitioner for possession with intent to distribute in

---

[1] The facts are taken from the Petitioner's criminal Case No. 2:07cr397 in the United States District Court for the Southern District of Texas, available on PACER.  Unless otherwise noted, the ECF entries in this section refer to that criminal case.  Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record"); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records.'").

excess of 1000 kilograms of marihuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and with possession with intent to distribute .098 of a gram of cocaine, a schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). ECF No. 7. On January 28, 2008, the Petitioner pleaded guilty to count one, the marihuana count.

The charges resulted from a single drug trafficking event involving a load of marihuana hidden among a cover load of watermelon in a tractor trailer driven by the Petitioner and seized at the Border Patrol checkpoint near Sarita, Texas. A search of the vehicle revealed 1522 kilograms of marihuana. Including the drugs seized, the probation department scored the Petitioner's base offense level as 32,  pursuant to § 2D1.1(c)(4). Id. On the basis of the Petitioner's convictions for aggravated assault and injury to an elderly person, the Petitioner was considered a career offender pursuant to § 4B1.1. A three level reduction for acceptance of responsibility resulted in a total offense level of 34. The Petitioner's criminal history placed him in criminal history category VI. This resulted in a guideline range of 262-327 months incarceration. The amount of marijuana involved in the offense triggered a statutory minimum sentence of 120 months. ECF No. 68 at 2. A sentencing hearing was conducted on June 20, 2008, and on June 25, 2018, Judgment was entered, which imposed the bottom of the guideline sentencing range, 262 months' imprisonment. The Petitioner was also ordered to serve a term of five years supervised release upon release from imprisonment and pay a special assessment of $100. ECF No. 29.

**B. Appeal**

The Petitioner filed a Notice of Appeal on June 27, 2008. His court-appointed counsel filed an Anders brief, having found no nonfrivolous issues to appeal. The Fifth Circuit Court of Appeals agreed and dismissed the appeal a frivolous on May 22, 2009. ECF No. 62.

### C.  Motion to Vacate, Appeal Thereof and other Motions for Relief

On July 26, 2010, the Petitioner filed a *pro se* motion under 28 U.S.C. § 2255 to vacate sentence. ECF No. 64.  The Petitioner raised various complaints of ineffective assistance of counsel including: deficient pre-trial advise; failure to move to suppress evidence and to dismiss the indictment; deficient performance at sentencing by failing to contest three convictions received on the same day, failure to object to unreliable evidence used to assess his guideline sentencing range, failure to move for a downward reduction pursuant to 18 U.S.C. § 3553(a) on the basis that he was not aware of the amount of marijuana he was carrying, and failure to make a Booker challenge. The Petitioner further alleged that trial counsel operated under an actual conflict of interest. He also complained that appellate counsel provided ineffective assistance of counsel by failing to challenge his sentence on the basis of Booker, failed to investigate and present the strongest issues available on appeal, and labored under an actual conflict of interest. In addition, he claimed that he had entered into a cooperation agreement, and although he satisfied his part, the government failed to move for a sentencing reduction. Finally, he alleged that his conviction and sentence violated the First, Second, Fourth, Fifth, Sixth and Eighth Amendments. On March 31, 2011, the District Court dismissed the § 2255 motion with prejudice. ECF No. 75.[2]

---

[2] The Memorandum Opinion is sealed. ECF No. 74.

The Petitioner filed a Notice of Appeal on May 25, 2011. ECF No. 76. On September 19, 2011, the Fifth Circuit Court of Appeals dismissed the appeal for want of prosecution. ECF No. 86.

On March 4, 2013, the Petitioner filed a Motion for Modification of Sentence pursuant to 18 U.S.C. § 3582 [ECF No. 88], which was denied on April 17, 2013. ECF No. 89. On April 13, 2015, the Petitioner filed a Motion for Retroactive Application of Sentencing Guidelines pursuant to 18 U.S.C. § 3582 [ECF No. 90], which was denied on September 1, 2015. ECF No. 91.

On May 23, 2016, the Petitioner filed a Motion with the Fifth Circuit Court of Appeals seeking leave under 28 U.S.C. § 2244 to file a second or successive application for relief under 28 U.S.C. § 2255. The Petitioner alleged that he was entitled to relief under Johnson v. United States, 135 S.Ct. 2551 (2015). See Case 16-40735 (5th Cir.).  On July 20, 2016, the motion was denied. Id.

### D.     Instant § 2241 Petition

The Petitioner alleges that the sentence imposed by the Southern District of Texas is improper because he is not a career offender. In support of that allegation, the Petitioner relies on Descamps v. United States[3], 133 S.Ct. 2276 ( 2013) and Mathis v. United States[4], 136 S.Ct. 2243 (2016). More specifically, the Petitioner alleges that his

---

[3] In Descamps, the Supreme Court held that to determine whether a past conviction is a violent felony within the meaning of the ACCA, courts should use the categorical approach if the state statute is indivisible. However if the statute is divisible, or defines multiple offenses, and at least one of the offenses included on the statute is not a violent felony, courts should apply a modified categorical approach.

[4] In Mathis, the Supreme Court clarified the proper application of the categorical and modified categorical approach used in determining whether prior crimes can be considered as predicate offenses for sentencing enhancements under the ACCA, 18 U.S.C. § 934(e), and found that Iowa's burglary statute encompassed conduct broader than that encompassed by federal

prior conviction of assault on a police officer in violation of Texas Penal Code § 22.01 is not a crime of violence and no longer qualifies as predicate offense. In addition, the Petitioner alleges that his prior conviction under Texas Penal Code § 22.04, injury to a child, elderly individual or disabled individual, also no longer qualifies as a predicate for a career offender enhancement. Finally, the Petitioner alleges that his conviction under Texas Health and Safety Code. Ann. Section 481.112 does  not qualify as a controlled substance offense under the sentencing guidelines. The Petitioner cites to several opinions issued by the Fifth Circuit and Tenth Circuit Courts of Appeal to bolster his argument that these three prior convictions no longer qualify as predicate offenses for a career offender enhancement. For relief, the Petitioner requests that "the career offender enhancement be removed and his sentence vacated [and] he be remanded back for re-sentencing without the career offender designation." ECF No. 1 at 5.

### III. Standard of Review

#### A.    Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a

---

generic burglary as defined in Taylor v. United States, 495 U.S. 575, 598 (1990) and, thus, did not qualify as a crime of violence under the ACCA.

district court may apply these rules to a habeas corpus petition not filed pursuant to §
2254).

**B.    Pro Se Litigants.**

As a pro se litigant, the Petitioner's pleadings are accorded liberal construction
and held to "to less stringent standards than formal pleadings drafted by lawyers."
Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, even under this less stringent
standard, the petition in this case is subject to summary dismissal. The requirements of
liberal construction do not mean that the Court can ignore a clear failure to allege facts
which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social
Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, Petitioner clearly is not
entitled to relief under 28 U.S.C. 2241, and this matter is due to be dismissed.

**C.    Post-Conviction Remedies and Relief**

Prisoners seeking to challenge the validity of their convictions or their sentences
are required to proceed under § 2255 in the district court of conviction.  By contrast, a
petition for writ of habeas corpus, pursuant to § 2241, is intended to address the
execution of a sentence, rather than its validity, and is to be filed in the district where the
prisoner is incarcerated.  "In a § 2241 petition a prisoner may seek relief from such
things as the administration of his parole, computation of his sentence by prison
officials, disciplinary actions taken against him, the type of detention, and prison
conditions in the facility where he is incarcerated."  Adams v. United States, 372 F.3d
132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their
convictions and sentences through a habeas corpus petition under § 2241, there is
nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the

validity of his conviction under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of a limitation bar,[5] the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal.  In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

When contesting a conviction, a petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective, and the standard is an exacting one.  In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

---

[5]  In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

a. The date on which the judgment of conviction becomes final;
b. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
c. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
d. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

However, "[t]he text of the savings clause does not limit its scope to testing the legality of the underlying criminal conviction." United States v. Wheeler, 886 F.3d 415, (4th Cir. 2018), reh'g en banc denied June 11, 2018 (quoting Brown v. Caraway, 719 F.3d 583, 588 (7th Cir. 2013)).  In Wheeler, the Fourth Circuit concluded that § 2255(e) provides "an avenue for prisoners to test the legality of their sentences pursuant to § 2241, and Jones is applicable to fundamental sentencing errors, as well as undermined convictions."  Id. at 428.  When contesting a sentence through a petition filed under § 2241, a petitioner still must meet the savings clause of § 2255.  In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a sentence only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; **and** (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, supra, at 429 (emphasis added).  The Fourth Circuit further specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler.  Id.

### IV. Analysis

The Petitioner does not seek relief under any permissible ground in his § 2241 petition.   The Petitioner claims do not relate to the execution of sentence or calculation

of sentence by the BOP.  Instead, the claims relate to the validity of the Petitioner's sentence imposed in the Southern District of Texas.  Such claims are properly contested either on direct appeal or in a § 2255 proceeding, and thus the instant petition is actually an attempt to obtain relief available under § 2255, and should be treated as such.[6]

Although the Petitioner does not address the savings clause, it is clear that he is not entitled to its application.  The Petitioner is not challenging his conviction and therefore, the <u>Jones</u> test is not applicable.  Instead, because the Petitioner is challenging his sentence, the Court must review the petition under the four-part <u>Wheeler</u> test.  As to the first prong, it is clear that at the time of sentencing, settled law established the legality of the sentence imposed.  However, as discussed more fully below, the Petitioner cannot meet the second element of the <u>Wheeler</u> test, because the Petitioner has identified no change in settled law expressed by either the Supreme Court or the Fourth Circuit which has been deemed to apply retroactively to cases on collateral review.  Because the Petitioner cannot meet the second prong of the <u>Wheeler</u> test, this Court does not need to consider the third or fourth parts of the test.

Relying on <u>Mathis</u> and <u>Descamps</u>, the Petitioner argues resort to the categorical approach is not permitted with respect to Texas Penal Code § 22.01 because the statute is indivisible. Likewise, the Petitioner argues that Texas Penal Code § 22.04 is not divisible, and the modified categorical approach should not be used. However, the Petitioner's reliance on these two cases is misplaced. Neither <u>Mathis</u> nor <u>Descamps</u>

---

[6]  The Court also notes that, regardless of how such a pleading is styled or captioned, a second or successive attempt to obtain relief under 28 U.S.C. § 2255 requires authorization from the appropriate appellate court.

apply retroactively in this Circuit. See, e.g., Stewart v. United States, No. Elh-17-1408. 2017 WL 2361809, at *5 (D.Md. May 31, 2017) (§ 2255 case collecting cases holding that neither Descamps nor Mathis is retroactive); Brandon v. Wilson, No. 3:16cv142, 2017 WL 707497, at *4 (N.D.W. Va. Jan. 30, 2017) (§ 2241 case collecting cases holding Mathis is non-retroactive). Moreover, case law from the Fifth and Tenth Circuit Courts of Appeal are not binding precedent in the Fourth Circuit. Accordingly, the Petitioner cannot meet the second prong of Wheeler.  Because the Petitioner attacks the validity of his sentence, but fails to establish that he meets all four prongs of the Wheeler savings clause test for erroneous sentences, the Petitioner cannot demonstrate that § 2255 is an inadequate or ineffective remedy and has improperly filed his petition under § 2241 with respect to his sentence.

In summary, because the Petitioner cannot meet the savings clause of § 2255 under the Wheeler test, the Petitioner's claims may not be considered under § 2241. Accordingly, this Court is without jurisdiction to consider the Petition.  When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause."  Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## VI. Recommendation

For the foregoing reasons, the undersigned recommends that the petition [ECF No. 1] be **DENIED** and **DISMISSED without prejudice.**

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections

identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:  July 17, 2018

*/s/ James E. Seibert*

JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE

11