IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JESSIE NORBERTO GUERRA,

    Petitioner,

v.                                          Civil Action No. 5:17CV97
                                                        (STAMP)
JENNIFER SAAD, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE
AND OVERRULING PETITIONER'S OBJECTIONS**

I.  Procedural History

The pro se[1] petitioner, Jesse Norberto Guerra ("Guerra"), an inmate incarcerated at FCI Gilmer in Glenville, West Virginia, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 ("§ 2241") challenging the validity of his sentence. In his petition, the petitioner argues that the sentence imposed by the United States District Court for the Southern District of Texas is improper because he is not a career offender. For relief, the petitioner requests that "the career offender enhancement be removed and his sentence vacated [and] he be remanded back for re-sentencing without the career offender designation." ECF No. 1 at 5.

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

The action was referred to United States Magistrate Judge James E. Seibert for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2. The magistrate judge filed a report and recommendation recommending that petition be denied and dismissed without prejudice. ECF No. 10. The magistrate judge informed the parties that if they objected to any portion of the report and recommendation, they were required to file written objections within 14 days after being served with copies of the report. Following this Court's order granting the petitioner's motion requesting an extension of time (ECF No. 13), the petitioner filed objections. ECF No. 14.

For the reasons that follow, this Court finds that the report and recommendation of the magistrate judge should be adopted in its entirety.

## II. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which an objection is timely made. Because the petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo as to those findings to which the petitioner objected. As to those findings to which objections were not filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Because the petitioner filed objections to

the report and recommendation, the magistrate judge's recommendation will be reviewed de novo.

## III. Discussion

On de novo review, this Court finds that petitioner's § 2241 petition does not seek relief under any permissible ground as his claims do not relate to the execution or calculation of his sentence by the Federal Bureau of Prisons ("BOP"). Instead, petitioner's claims attack the validity of his sentence, imposed by the Southern District of Texas, and such claims are properly contested either on direct appeal or in a § 2255 proceeding; thus, the instant petition is an attempt to obtain relief under § 2255, and should be treated accordingly.

In his recommendation, the magistrate judge properly recommended that the petitioner's § 2241 petition be dismissed without prejudice after finding that the petitioner's claim is not properly brought under § 2241. The magistrate judge correctly found that because the petitioner is challenging the validity of his sentence, not his conviction, the Court must apply United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018), to determine whether § 2255 is inadequate or ineffective. Here, the magistrate judge found that "the [p]etitioner cannot meet the second element of the Wheeler test, because the [p]etitioner has identified no change in settled law expressed by either the Supreme Court or the

Fourth Circuit which has been deemed to apply retroactively to cases on collateral review." ECF No. 10 at 9.

In the report and recommendation, the magistrate judge noted that petitioner's reliance on Mathis[2] and Descamps[3] is misplaced, as neither apply retroactively in this Circuit. ECF No. 10 at 9-10. Further the magistrate judge noted that the authority cited by the petitioner, namely case law from the United States Court of Appeals for the Fifth and Tenth Circuits, is not binding precedent in the United States Court of Appeals for the Fourth Circuit. Upon de novo review of the petitioner's argument and the report and recommendation, this Court agrees.

In petitioner's objections to the magistrate judge's report and recommendation (ECF No. 14), the petitioner lists what appears to be five objections. First, the petitioner asserts a general objection regarding the lack of "clarity" in the report and recommendation. ECF No. 14 at 1. In addition, petitioner contends that the report and recommendation "fails to recognize the breadth of the definition of inadequate or ineffective and makes a false presumption that ignores the facts of this particular case." Id. at 1-2. Next, the petitioner states that "the [r]eport invents an exacting standard [] that is not capable of excluding [p]etitioner." Id. at 2. Petitioner then argues that he is

---

[2] Mathis v. United States, 136 S. Ct. 2243 (2016)

[3] Descamps v. United States, 133 S. Ct. 2276 (2013)

4

challenging his conviction and the Jones test is, in fact, applicable. Petitioner continues by stating that the "[r]eport rejects any consideration of case law from the Fifth and Tenth Circuit [] when such consideration is in the interest of justice." Id. Lastly, petitioner asserts that the magistrate judge's report and recommendation "is no more than a boiler plate brief." Id. Ultimately, petitioner then requests this Court independently review the petition and grant the petitioner's requested relief. Id. at 3.

Upon de novo review, this Court finds that although petitioner asserts that he is entitled to relief under the savings clause, it is clear that he is not. Because petitioner is not challenging his conviction, the test under In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000), does not apply and, instead, this Court must review the petition under the four prong savings clause test under United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018), for erroneous sentences. The magistrate judge properly analyzed the petitioner's petition accordingly.

In Wheeler, the United States Court of Appeals for the Fourth Circuit concluded that § 2255(e) provides "an avenue for prisoners to test the legality of their sentences pursuant to § 2241, and Jones is applicable to fundamental sentencing errors, as well as undermined convictions." Id. at 428. When contesting a sentence through a petition filed under § 2241, a petitioner still must meet

5

the savings clause of § 2255. In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a sentence only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, supra, at 429.

The Fourth Circuit further specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id.

As to the first prong, this Court finds that it is clear that at the time of sentencing, settled law established the legality of the sentence imposed. However, this Court finds that the petitioner cannot meet the second prong of the Wheeler, because any change to the settled law which established the legality of his sentence has not been deemed to apply retroactively to cases on collateral review. As the magistrate judge correctly noted, because petitioner cannot satisfy the second prong of the four-part

6

test set forth in Wheeler, this Court does not need to consider the third or fourth parts of the test, and petitioner's claim fails.

Upon de novo review, this Court also finds that to the extent the petitioner is impliedly raising arguments based upon the Supreme Court's decisions in Mathis and Descamps, this Court finds that neither of those decisions afford petitioner relief. This Court also finds that the magistrate judge correctly noted that petitioner's reliance on authority for the Fifth and Tenth Circuit Courts of Appeals is likewise unavailing. As to petitioner's remaining objections, this Court finds that petitioner fails to make specific objections to the report and recommendation. Further, this Court finds that the magistrate judge clearly and appropriately analyzed the petition and specific facts of this case under the appropriate standard of review.

Because the petitioner attacks the validity of his sentence, but fails to establish that he meets all four prongs of the Wheeler savings clause test for erroneous sentences, the petitioner cannot demonstrate that § 2255 is an inadequate or ineffective remedy and has improperly filed his petition under § 2241 with respect to his sentence. This Court finds because petitioner fails to meet the second prong of the Wheeler test, his claims may not be considered under § 2241, and this Court is without jurisdiction to consider the petition. Thus, this Court upholds the magistrate judge's recommendation and overrules the petitioner's objections.

IV. <u>Conclusion</u>

For the reasons discussed above, the report and recommendation of the magistrate judge (ECF No. 10) is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1) is DENIED, and the petitioner's objections (ECF No. 47) are OVERRULED.

It is further ORDERED that this case be DISMISSED WITHOUT PREJUDICE and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the <u>pro se</u> petitioner by certified mail. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: February 14, 2019

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE